### Robert Humphrey et al., Executors, Appellees, v. Annette C. Lutz, Appellant.

1. WILLS—*what is paramount rule of construction.* In construing a will, the paramount rule is to ascertain, from the language of the will, the intention of the testator by comparing all the parts of the whole will with each other, construing them, if possible, so that all can stand, and then to give effect to such intent, if it can be done without violating some rule of law.

2. WILLS—*when corporate stock bought by executors not included in bequest.* Where the widow of testator was bequeathed a life estate in all of the telephone stock which testator owned at the time of his death, stock bought by his executors which his previously owned shares entitled him to purchase upon a reorganization and consolidation of the companies in which he held stock, was not included in such bequest and was subject to sale for the payment of debts.

3. WILLS—*when remainder in corporate stock is property "not specifically bequeathed."* Where a life interest in corporate stock was bequeathed to the widow of testator but no specific bequest was made of the remainder therein, such remainder was property "not specifically bequeathed," within the meaning of a clause providing for turning such property into cash for the payment of debts.

4. EXECUTORS AND ADMINISTRATORS—*what proper decree as to application of property to debts.* Where an estate consisted of corporate stock in which the widow was bequeathed a life estate, corporate stock in which no life estate was given, and lands, *held* that a decree, looking to the payment of debts, should provide for the sale, first, of the corporate stock in which no life estate was bequeathed, and second, the remainder interest in the other corporate stock, and, if a deficit still existed, for resort to the income from the lands specifically devised in accordance with a provision of the will.

Appeal from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded with directions. Opinion filed January 4, 1922.

SMITH & EDGELL and COVEY & WOODS, for appellant.

McCORMICK & MURPHY, for appellee Addie G. Bates.

MR. JUSTICE HEARD delivered the opinion of the court.

Erastus W. Bates died testate, possessed of an estate worth about $500,000 and leaving him surviving Addie G. Bates, his widow, and Annette C. Lutz, Adeline G. Hartnell and William C. Bates, his children and only heirs at law.

The executors of his last will and testament filed their bill in the circuit court of Logan county to construe his will and a codicil thereto, and this is an appeal of Annette C. Lutz from the decree of the circuit court making such construction.

By his will and the codicil thereto testator gave to his widow and to each of his children devises of real estate.

In the third paragraph of his will, after making various provisions for his wife, he made a bequest to her as follows:

"Also any and all telephone stock I may own at the time of my death. This includes all stock I may own in the Central Illinois Telephone and Telegraph Company located at Lincoln, Illinois. To have and to hold

said telephone stock so long as she may live. The income from said telephone stock accruing during her life shall become her absolute property in fee simple forever."

Testator, by the twelfth paragraph of his will, provided as follows:

"All the remainder of my property, subject to the payment of my debts, legacies and costs of administration, real, personal and mixed, I give, bequeath and devise, to my said three children, or their lineal descendants per stirpes in fee if they or any one of them does not survive me."

By the second paragraph of his will testator provided:

"Second. To provide a fund with which to pay my debts, my executors hereinafter named, shall within one year after my death, reduce and turn into cash all personal property I may leave of every kind and character whatever, except that herein specifically bequeathed; and all legacies if not otherwise payable shall be considered the same as my debts and payable from the same funds. Said executors shall also, within one year after my death sell at public or private sale as they shall see fit, for cash all city property I may leave, in the City of Lincoln, in the County of Logan and State of Illinois, except that city property specifically devised herein; said executors shall add the proceeds of said real estate to the proceeds of said personal property, and with the aggregate pay said debts and legacies.

"Said executors, or a majority of them shall have full power and authority to execute and deliver any and all deeds, with the usual covenants of warranty, given by warranty deeds to convey all said premises herein directed to be sold for the payment of debts, and power and authority to make all and any preliminary contracts of sale of said real estate the same as I myself could do if living.

"If the sale of said personal property and said city real estate herein directed to be made shall not produce a sufficient sum of money with which to pay my said debts and the costs and expenses incurred thereby

and the costs and charges of administration, my said executors shall collect and retain all the income from all the farm lands I may leave, until such time as said rents, after the payment of taxes, and any other indispensably necessary expenses, connected with the control and management of said real estate, shall provide a sum of money sufficient to pay said debts, legacies and costs.

"If any one of my devisees prefer, he or she may advance his or her share of such deficiency, and thereby release his or her devise from such deficiency. If any rents and profits of any of said land are thus retained and there shall be a surplus after the payment of said debts, legacies and costs, said surplus shall be refunded to the devisees to whom the land from whom it was derived is devised pro rata. It being my intention that such deficiency, if any shall be paid by my devisees pro rata to the farm land devised to each one."

Prior to his death testator owned stock in the Central Illinois Telephone and Telegraph Company, the New Holland Telephone Company, and the Elkhart Independent Telephone Company. For the purpose of consolidating these three corporations, the Lincoln Telephone Company, an Illinois Corporation, was organized and it took over all of the assets of the three corporations and assumed their debts. Arrangements were made to issue stock in the new corporation to the stockholders of the old corporations in proportion to their holdings of stock in the old corporations, and, in addition thereto, there was to be issued $20,000 of stock to the stockholders who should pay an indebtedness of $20,000 of the Central Illinois Telephone & Telegraph Company to the stockholders in proportion to their payments upon such indebtedness. By this arrangement testator was to pay $5,000 and receive 50 shares of the last-mentioned stock. While the matter was pending and before said $5,000 was paid, testator died.

The executors filed their petition in the county court

for leave to carry out the arrangement, which leave was granted, whereupon the executors paid to the Central Illinois Telephone & Telegraph Company $5,000 and received 50 shares of the Lincoln Telephone Company, which by the order of the county court they were to hold "as part of the assets of the estate of testator, to be administered under the terms and provisions of the last will and testament of testator."

The executors have converted into cash all real estate owned by the testator at the time of his death situated in the City of Lincoln, not specifically devised, and all personal property of said estate not specifically bequeathed, except the remainder interest of the residuary legatees in and to the telephone stock owned by the testator at the time of his death, and said executors have applied the moneys realized from such conversion toward the payment of the debts of said estate, leaving a balance at the time of taking testimony in this case of $17,078.75 of debts of said estate yet unpaid. Said executors, being uncertain as to how they should proceed under the provisions of said will to pay said remaining indebtedness, filed their bill of complaint in this cause, making all the parties in interest parties thereto. Adeline G. Hartnell demurred to said bill, which demurrer the circuit court overruled, and she elected to stand by her demurrer, whereupon a decree *pro confesso* was entered against her and she has not appealed from the decree of the circuit court. Annette C. Lutz answered the bill denying that all personal property of the estate not specifically bequeathed had been sold and the proceeds thereof applied to the debts and denying that the remainder interest in said telephone stock could be sold to pay debts and denying existence of any indebtedness against said estate and denying that any construction of said will is necessary. Addie G. Bates, widow of testator, answered the bill denying that all personal assets of said estate not specifically bequeathed had been sold and the proceeds

used to pay debts of said estate and averring that said executors should, under the provisions of said will and under the law, sell so much of the remainder interest in said telephone stock as may be necessary to pay the remaining indebtedness of said estate, and averring that such remainder interest in said stock, if sold and converted into money, is ample to pay all debts of said estate now remaining unpaid, and said widow has testified in this case that she will, at any sale made under the direction of the court, bid the amount of the indebtedness of said estate for the remainder interest in said stock and that she is able to perform her such bid. William C. Bates did not answer the bill and was defaulted.

The cause was referred to the master in chancery to take the evidence and report his conclusions as to the law and facts of the case. The master filed his report of evidence and conclusions recommending that the remainder interest in all of the telephone stock owned by the testator at the time of his death should be sold to pay debts of said estate, except the 50 shares paid for by the executors out of the assets of the estate pursuant to the order of the county court, which 50 shares should be sold free of the widow's life estate.

Exceptions were filed by Annette C. Lutz and by Addie G. Bates, Addie G. Bates excepting to the finding of the master as to said 50 shares of stock paid for by said executors, as aforesaid.

The circuit court sustained the exceptions of Addie G. Bates and overruled the exceptions of Mrs. Lutz, and entered a decree requiring the executors, first, to resort to the remainder interest in said telephone stock and then to the rents of the farm lands, if necessary, to pay the debts of said estate, from which decree Mrs. Lutz has appealed to this court.

In construing a will, the paramount rule is to ascertain, from the language of the will, the intention of the testator by comparing all the parts of the whole will

with each other, construing them, if possible, so that all can stand, and then to give effect to such intent, if it can be done without violating some rule of law. *Linn v. Davis, ante,* p. 503.

Testator did not own the 50 shares of telephone stock in question at the time of his death, and when they were acquired they were a part of the assets of the estate, subject to be sold for the payment of debts, and as Addie G. Bates was only given a life interest in any and all telephone stock testator owned at the time of his death, she did not take a life interest therein.

While a life interest in the remaining telephone stock was specifically bequeathed, the remainder therein was not specifically bequeathed. This remainder was therefore property "not specifically bequeathed," within the meaning of paragraph two of the will, and so much thereof as may be necessary to pay the debts and costs of administration is subject to sale by the executors under paragraph two of the will. That this was the intention of the testator is manifested by the twelfth paragraph of the will, by which the remainder of the life estate in this telephone stock is bequeathed, which paragraph specifies that any bequest thereunder is "subject to the payment of my debts, legacies and costs of administration."

The decree should provide, first, for the sale by the executors of the 50 shares of the Lincoln Telephone Company free from any interest of Addie G. Bates; second, for the sale of the remainder after the life estate of Addie G. Bates in the remaining telephone stock, or so much thereof as may be necesary to pay the deficiency and costs of administration; third, that if after the sale of the 50 shares of telephone stock, and the remainder after the life interest of Addie G. Bates in the remaining telephone stock, there still remains a deficiency, resort be had by the executors to the income from all the lands specifically devised in

accordance with the provisions of paragraph two of said will.

The decree is reversed and the cause remanded with directions to the circuit court of Logan county to enter a decree in accordance with the views herein expressed.

*Reversed and remanded.*

